IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KRISTINE MICHELE LOVE,　　　　　＊
　　　　　　　　　　　　　　　　　　＊
　　　　　　　　Plaintiff,　　　　　　＊
　　　　　　　　　　　　　　　　　　＊
　　　　vs.　　　　　　　　　　　　　＊　　　　Civil Action No. ADC-23-636
　　　　　　　　　　　　　　　　　　＊
MILEONE AUTO GROUP, et al.,　　　　＊
　　　　　　　　　　　　　　　　　　＊
　　　　　　　　Defendants.　　　　　＊
　　　　　　　　　　　　　　　　　　＊

＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

## MEMORANDUM OPINION

Defendants MileOne Auto Group, Inc. ("MileOne Auto") and Annapolis Motors, LLC (collectively "Defendants"), move this Court to dismiss *pro se* Plaintiff Kristine M. Love's Amended Complaint. ECF Nos. 17, 22. Plaintiff has responded in opposition to the Motion and has also moved to file a Second Amended Complaint. ECF Nos. 27, 28. After considering the motions and the responses thereto (ECF Nos. 22, 27, 28), the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendants' motion to dismiss is GRANTED, Plaintiff's Motion is DENIED, and Plaintiff's claims are dismissed WITH PREJUDICE.

### FACTUAL AND PROCEDURAL BACKGROUND

The following represents the totality of the factual allegations presented in Plaintiff's Amended Complaint and the documents attached thereto. ECF No. 17. On July 23, 2021, Plaintiff purchased a new Mercedes-Benz GLB 250 from Mercedes-Benz of Annapolis (doing business as Annapolis Motors, LLC). ECF Nos. 17 at 6; 17-1 at 1. Plaintiff contemporaneously purchased a

---

[1] On March 29, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF No. 6. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 14.

limited warranty for the vehicle from MileOne Auto. ECF Nos. 17-4, 17-5. Over a year and a half later, on February 12, 2023, Plaintiff sent Mercedes-Benz of Annapolis and MileOne Auto a "Notice of Rescission and Special Power of Attorney." ECF No. 17-1. Shortly thereafter, she sent Mercedes-Benz of Annapolis a letter "exercising [her] right of Rescission . . . and [her] rights as a consumer." *Id.* In the letter, Plaintiff alleged that Defendants were violating various provisions of the Federal Code of Regulations. *Id.*

On March 8, 2023, Plaintiff filed suit against MileOne Auto. ECF No. 1. An Amended Complaint naming Mercedes-Benz of Annapolis as an additional Defendant was filed on April 18, 2023. ECF No. 17. Plaintiff pleaded that her "constitutional rights were violated because on July 23, 2021 [she] purchased a 2021 Mercedes-Benz GLB 250 W4 not knowing all of [her] rights as a consumer." ECF No. 17 at 6. She alleges that she now knows her rights and is "exercising [her] right to [r]ecission." *Id.* In her view, Defendants violated 12 C.F.R. § 1026.23(b)(1), (d)(1), 16 C.F.R.`§ 433.1(i), 12 C.F.R. § 1026.4, and 12 C.F.R. § 226.18 during the vehicle sale. *Id.* at 4. She seeks $1,000.00 in damages, the title to her car, and "2.99% interest, $903.14 each month, no cooling off period." *Id.* at 7.

Defendant MileOne Auto filed a motion to dismiss the Amended Complaint on May 16, 2023. ECF No. 22. Plaintiff responded in opposition on May 26, 2023. ECF No. 28. However, her response states only that: (1) she does "not want to dismiss this case"; (2) that her "Social Security number was used in this transaction"; and (3) that "there is an inquiry from Mercedes Benz . . . on [her] credit report." *Id.* Defendants did not reply.

Plaintiff also filed a motion to amend her Amended Complaint "to include claims for credit nunc pro tunc." ECF No. 27. In the Motion, Plaintiff askes that the Court allow her to Amend her Complaint to "include claims for the extension of positive credit." *Id.* at 1. She also asserts—for

2

the first time—that she originally filed this action to enforce her "right of rescission" pursuant to "12 C.F.R. 1026.23(b)(1) Truth in Lending Act." *Id.* Defendants did not respond.

### DISCUSSION

**Standard of Review**

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, but not legal conclusions couched as factual allegations. *Id.* (citations omitted). When deciding a motion under Rule 12(b)(6) courts may, in addition to the complaint and matters of public record, "consider documents attached to the complaint, *see* Fed.R.Civ.P 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021) ("[W]e may consider authentic, extrinsic evidence that is integral to the complaint, as well as matters of public record.").

As is the case here, "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied,* 141 S.Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Therefore, "even a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." *Wilson v. Wexford Health Sources, Inc.*, No. CV GLR-18-2175, 2020 WL 510332, at *4 (D.Md. Jan. 31, 2020) (citations omitted).

**Defendant's Motion to Dismiss**

Defendants argue that Plaintiff's Amended Complaint should be dismissed as it is "frivolous." ECF No. 22 at 1. While the Court makes no findings as to the frivolousness of this action, it finds that Plaintiff's Amended Complaint does not comply with federal pleading requirements.

Initially, the Court notes Plaintiff has not clearly articulated any constitutional, federal, or state basis for her claims. *See* ECF No. 17. In her Amended Complaint, Plaintiff pleaded that her claims are brought pursuant to 12 C.F.R. § 1026.23(b)(1), (d)(1), 16 C.F.R. § 433.1(i), 12 C.F.R. § 1024.4, and 12 C.F.R. § 226.18. ECF No. 17 at 4. These regulations do not, however, explicitly confer any private rights of action and Plaintiff has not pleaded or argued that such private rights of action exist. *See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not."). Plaintiff's Constitutional claim is also deficient as it simply states that her "constitutional rights were violated" but does not specify which Constitutional

4

protections she is invoking.

Plaintiff has further failed to plead facts which support her allegations that her constitutional or consumer rights were violated. It is well settled that a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiff pleads that she purchased a Mercedes-Benz GLB 250 and that sometime later Defendants refused to honor her "consumer rights." ECF No. 17 at 6. However, Plaintiff does not provide any factual basis explaining what rights were violated, how the rights were violated, or when the rights were violated. Plaintiff does not even explain how MileOne Auto is at all related to this action given that her Amended Complaint states that she purchased the vehicle from Mercedes-Benz of Annapolis.[2] *Id.*

Because Plaintiff's Amended Complaint does not state the legal and factual basis for her claims, the Court finds that it fails to comply with federal pleading requirements. *See Phair v. Officer Darwin Zambrana*, No. WDQ-14-2618, 2016 WL 258634, at *3 (D.Md. Jan. 19. 2016) (when construing *pro se* pleadings, judges are "not obligated to ferret through a complaint, searching for viable claims" (internal quotation marks omitted)). Even construed liberally, Plaintiff's Amended Complaint fails to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

---

[2] The Court has deduced, from the exhibits attached to the Amended Complaint, that MileOne Auto provided Plaintiff with a Limited Warranty on the vehicle. ECF Nos. 17-3, 17-4. However, the Court cannot, based on these documents, determine how this warranty relates to any "right of recission" that MileOne Auto may owe her.

**Plaintiff's Motion to Amend**

Under Federal Rule of Civil Procedure 15, a pleading may be amended "once as a matter of course" within 21 days after serving it or "21 days after service of a responsive pleading or 21 days after service of a motion under Fed.R.Civ.P 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1)(A), (B). Here, Plaintiff has already taken advantage of this opportunity as she filed an Amended Complaint on April 18, 2023. ECF No. 17.

Although Plaintiff is not entitled to amend her Amended Complaint as a matter of course, Rule 15(a)(2) provides that leave to amend should be "freely give[n] when justice so requires." A motion to amend should be denied "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, *or the amendment would be futile*." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (first emphasis in original; second emphasis added) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999)). An amendment is futile "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). "A motion to amend may also be denied as futile where the proposed amendments cannot withstand a motion to dismiss." *Potomac Elec. Power Co. v. Midwest Mole, Inc.*, No. AAQ-19-3037, 2022 WL 17362679, at *6 (D.Md. Dec. 1, 2022) (citing *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

In her Motion to Amend, Plaintiff asserts that she originally brought this action to enforce her "right of [r]ecission . . . pursuant to 12 CFR 1026.23(b)(1)." ECF No. 27 at 1. As explained above, 12 C.F.R. 1026.23(b)(1) does not provide for a private cause of action. However, in her Motion to Amend, Plaintiff mentions for the first time that she is asserting a right to recission pursuant to the Truth in Lending Act ("TILA"), which is codified at 15 U.S.C. § 1601 *et seq*. The TILA provides a right of recission "as to certain transactions." 15 U.S.C. §1635. The statute

provides, in relevant part:

> [I]n the case of a consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired **in any property which is used as the principal dwelling** of the person to whom credit is extended, **the obligor shall have the right to rescind the transaction until midnight of the third business day** following **the consummation of the transaction** or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with regulations of the Bureau, of his intention to do so.

*Id.* at (a) (emphasis added). 12 C.F.R. 1026.23, which is known as Regulation Z, is an implementing regulation of the TILA and contains similar language. It provides that "[i]n a credit transaction in which a security interest is or will be retained or acquired **in a consumer's principal dwelling,** each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction." 12 C.F.R. 1026.23(a)(1) (emphasis added).

The plain language of the TILA and Regulation Z make clear that the right of recission applies only when the security interest retained in the transaction "is or will be . . . a consumer's principal dwelling." 15 U.S.C. §1635(a); 12 C.F.R. §1026.23(a)(1). Nowhere in Plaintiff's Complaint, Amended Complaint, or Motion to Amend does she plead or allege that her credit application or the underlying transaction involved a security interest in her principal dwelling. Plaintiff has, therefore, failed to plead that she is within the class of people protected by the TILA and Regulation Z. As such, the Court finds that her proposed amendment, which does not address this threshold issue and seeks only to add claims based on Defendants alleged unwillingness to recognize her purported right of recission, would be futile. *See Jones v. Am. Honda Motor Co., Inc.*, No. 3:22cv558, 2023 WL 1778262, at *3-4 (E.D.Va. Feb. 6, 2023) (dismissing a similar action "[b]ecause the right of recission only applies when, unlike here, the transaction involves a security interest in a consumer's principal dwelling.").

Even assuming *arguendo* that Plaintiff had alleged that the transaction involved a security interest in her principal dwelling, Plaintiff has not pleaded that her recission request was timely. Under the TILA and Regulation Z, Plaintiff had until "midnight of the third business day following the consummation of the transaction or the delivery of the information" to assert her right of recission. 15 U.S.C. §1635(a); 12 C.F.R. §1026.23(a)(1). Her pleadings make clear, however, that she did not exercise any purported right of recission until more than a year and a half after the vehicle was purchased. ECF No. 17. Plaintiff also fails to allege that she timely asserted her right of recission after "the delivery of information."

For these reasons, Plaintiff's proposed amendment would be futile. Plaintiff's motion to amend is denied.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendants' Motion to Dismiss (ECF No. 22) is GRANTED and Plaintiff's Motion to Amend (ECF No. 27) is DENIED. Because any amendment to Plaintiff's complaint would be futile, her claims are dismissed WITH PREJUDICE. *See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 948 F.Supp.2d 538, 556 (D.Md. 2013) ("[L]eave to amend is properly denied and a claim dismissed with prejudice where further amendment would be futile, where the deficiencies in the complaint are fundamental, or where the party has failed to cure the deficiencies despite repeated opportunities."). All other pending motions are terminated as moot. A separate Order will follow.

Date: 16 June 2023

A. David Copperthite
United States Magistrate Judge